Greig v Allstate Ins. Co. (2020 NY Slip Op 01453)





Greig v Allstate Ins. Co.


2020 NY Slip Op 01453


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Acosta, P.J., Friedman, Mazzarelli, Webber, JJ.


11194 151650/19

[*1] Lorna Greig, et al., Plaintiffs-Respondents,
v
Allstate Insurance Company, Defendant, John N. Riccio Agency, Inc., Defendant-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellant.
Law Office of Craig A. Blumberg, New York (Craig A. Blumberg of counsel), for respondents.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered October 2, 2019, which denied the motion of defendant John N. Riccio Agency, Inc. (Riccio) to dismiss the complaint as against it, unanimously affirmed, without costs.
According plaintiffs the benefit of every favorable inference to be had from the allegations in the complaint and from plaintiff Lorna Greig's affidavit in opposition to the motion (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), Supreme Court correctly determined that plaintiffs adequately stated causes of action against Riccio in connection with its alleged failure to procure an insurance policy covering the back house on plaintiffs' premises to the extent they intended. Plaintiffs sufficiently allege that such intention was communicated to Riccio prior to the fire that destroyed the back house (see generally Voss v Netherlands Ins. Co., 22 NY3d 728, 735 [2014]; Murphy v Kuhn, 90 NY2d 266, 270 [1997]).
We have considered Riccio's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK